IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE J. OTWELL, | No. 2:14-cv-2726-CMK  PS |
| Plaintiff, | |
| vs. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. / | |

Plaintiff, who is proceeding *in propria persona*, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pursuant to the court's scheduling order, plaintiff is required to prosecute this action by either seeking voluntary remand or filing a dispositive motion within 45 days from the date of service of the administrative record by defendant. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. A review of the docket reflects that the answer and certified administrative record were served on November 16, 2015. To date, plaintiff has not filed a dispositive motion.

1  As a result of plaintiff's failure to file a timely dispositive motion, the defendant filed a motion for dismissal for failure to prosecute (Doc. 20).  The court must weigh five factors before imposing the harsh sanction of dismissal.  See <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See <u>id.</u>; see also <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See <u>Malone</u>, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986).

Having considered these factors, and in light of plaintiff's failure to file a dispositive motion as directed, as well as her failure to respond to the defendant's motion to dismiss, the court finds that dismissal of this action is appropriate. It is clear from the lack of response that plaintiff is no longer interested in pursing this action.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed, without prejudice, for plaintiff's lack of prosecution and failure to comply with court rules and orders. The Clerk of the Court is directed to close this case.

DATED: June 3, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE